IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-00308-01-05-06-CR-W-HFS |
| ) | |
| BRIAN W. SISSON, ) | |
| ) | |
| CURTIS N. KREPPS, ) | |
| ) | |
| and ) | |
| ) | |
| DUSTIN M. PIEDIMONTE, ) | |
| ) | |
| Defendants. ) | |

**PRELIMINARY ORDER OF FORFEITURE**

This matter is before the Court on the Motion of the United States for a Preliminary Order of Forfeiture. In the Forfeiture Allegation of the Superseding Indictment in this case, the United States sought forfeiture of the following:

      2002 Pontiac Grand Prix, 4 door, VIN: 1G2WP52K12F188372;

      Movado watch, model number 84E71850 and serial number 8434904;

      $33,002 in United States currency from account numbers xxxxxxxx0956 and[1]
      xxxxxxxx5984 at Bank of America; and

      $1,157 in United States currency;[1]

pursuant to 21 U.S.C. § 853 on the basis that the property constituted, or was derived from, proceeds obtained, directly or indirectly, and any property which was used, or intended to be

---

[1] The $33,002 and $1,157 in United States currency were administratively forfeited by the Drug Enforcement Administration.

used, in any manner or part, to commit, or to facilitate the commission of drug trafficking.

On November 14, 2011, the defendant Brian W. Sisson entered into a plea agreement with the United States in which he agreed to plead guilty to Counts One and Ten of the Superseding Indictment, charging violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 and 18 U.S.C. § 924(c), and to forfeit to the United States a red 2002 Pontiac Grand Prix, 4 door, VIN #1G2WP52K12F188372, and a Movado watch, model number 84E71850, serial number 8434904. The defendant further agreed to a money judgment in the amount of $171,426 in United States currency.

On March 28, 2012, the defendant Curtis N. Krepps entered into a plea agreement with the United States in which he agreed to plead guilty to Count One of the Superseding Indictment, charging violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. The defendant agreed to a money judgment in the amount of $171,426 in United States currency.

On May 2, 2012, the defendant Dustin M. Piedimonte pled guilty to Counts One and Seven of the Superseding Indictment, charging violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. As a result of the guilty plea, the United States is seeking the entry of a money judgment in the amount of $171,429 in United States currency.

The Court has determined, based upon the evidence set forth in the plea agreements, that the United States has established the requisite nexus between the property described herein and in the Forfeiture Allegation of the Superseding Indictment and the offenses to which the defendants Brian W. Sisson, Curtis N. Krepps, and Dustin M. Piedimonete have plead guilty.

By virtue of the plea agreements, the United States is now entitled to a Preliminary Order of Forfeiture and to possession of the property pursuant to 21 U.S.C. § 853.

Accordingly, it is hereby ORDERED:

1. Based upon the plea agreements and the Forfeiture Allegation of the Superseding Indictment, the above-described property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853:

> 2000 Pontiac Grand Prix, 4 door, VIN #1G2WP52K12F188372; and
>
> a Movado watch, model number 84E71850, serial number 8434904.

2. Furthermore, the defendants Brian W. Session, Curtis N. Krepps, and Brian W. Sisson shall pay to the United States $171,426 as a personal money judgment for which the defendants will be jointly and severally liable.

3. Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the above-described property in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Pursuant to 21 U.S.C. § 853, the United States shall publish for at least 30 consecutive days on the government's official website, www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendants Brian W. Sisson, Curtis N. Krepps, and Dustin M. Piedimonte having or claiming a legal interest in the above-described property must file a petition with the Court (and serve a copy on Catherine Connelly, Assistant United States Attorney), within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the

forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing (or before if the defendant consents) and shall be made part of the sentence and included in the judgment.

6. The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture in which all interests will be addressed.

/s/ Howard F. Sachs
Howard F. Sachs
United States District Judge

Dated this  5th  day of
June, 2012, at Kansas City, Missouri.